**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOEL PATRICK HARVEY,　　　　　　　　　　　Case No. 1:15-cv-628

　　　　　Plaintiff,　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　v.

NAVIENT SOLUTIONS, INC.
F/K/A SALLIE MAE, INC.,

　　　　　Defendant.


## REPORT AND RECOMMENDATION

　　　　Plaintiff filed a *pro se complaint* against Defendant in the Small Claims Division of the Hamilton County, Ohio Municipal Court, alleging that Defendant violated the Fair Debt Collections Practices Act ("FDCPA").  Defendant timely removed the case to this federal court  pursuant to 28 U.S.C. §1331, because the sole claim alleged by Plaintiff is a violation of federal law.  In addition and in the alternative, Defendant asserted that this Court would have supplemental jurisdiction over any possible state claims.   (Doc. 1).

　　　　On March 10, 2016, Defendant filed a motion for summary judgment on grounds that Plaintiff's sole claim under the FDCPA fails, because Defendant is not a "debt collector" under that statute as a matter of law.  (Doc. 12).  Defendant states that it was the servicer of the student loans at issue in this lawsuit before they went into default. Defendant has filed a memorandum in support of its motion, together with 51 pages of evidentiary exhibits that support its contentions. (Doc. 13).

When Plaintiff failed to file any timely response to Defendant's motion, the undersigned issued a "show cause" order, alerting Plaintiff to the delinquency of his response, and warning him that his failure to respond to the Court's Order "will result in a Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 14 at 2).  Plaintiff was required to respond to the Court's "show cause" Order by April 26, 2015, but has failed to do so.

Having reviewed Defendant's motion, the undersigned now recommends that it be granted for the reasons stated, because no material facts appear to be in dispute and Defendant is entitled to judgment as a matter of law on Plaintiff's sole claim under the FDCPA.  As Defendant persuasively argues, "[c]ourts have widely held that entities that service student loans before such loans default are not "debt collectors" within the meaning of the FDCPA."  (Doc. 13 at 4-5, collecting cases).

Accordingly, IT IS RECOMMENDED THAT the Defendant's unopposed motion for summary judgment (Doc. 12) be GRANTED.

                                        s/Stephanie K. Bowman
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL PATRICK HARVEY,  Case No. 1:15-cv-628

    Plaintiff,  Barrett, J.
                                                        Bowman, M.J.

    v.

NAVIENT SOLUTIONS, INC.
F/K/A SALLIE MAE, INC.,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).